{¶ 24} I respectfully dissent from the majority.
 {¶ 25} By her decision filed October 18, 2004, the magistrate determined that Mr. Dinunzio's pension should be divided equally between the parties, via Qualified Domestic Relations Order. The magistrate further determined that, in order to equalize the parties' income, Ms. Dinunzio should receive one-half of the difference between her Social Security payments, and Mr. Dinunzio's Social Security disability payments. The magistrate determined that Ms. Dinunzio received $ 620 per month from Social Security; Mr. Dinunzio $ 1,262 per month. The magistrate determined that equalization required Mr. Dinunzio to pay Ms. Dinunzio $ 321 per month.
 {¶ 26} By a judgment entry filed June 3, 2005, the trial court adopted the magistrate's decision of October 18, 2004. The terms relative to division of the parties' Social Security benefits were further incorporated in the trial court's judgment entry of divorce, filed July 19, 2005. *Page 7 
 {¶ 27} In the decision filed February 3, 2006, underlying the instant appeal, the magistrate concluded that Mr. Dinunzio owed Ms. Dinunzio $ 483 per month in support-not the $ 321 set forth in the original magistrate's decision, and incorporated in the subsequent judgment entries of the trial court. The trial court affirmed this decision of the magistrate, in response to Mr. Dinunzio's objection, by the judgment entry presently being appealed, and for the same reason the majority affirms — Mr. Dinunzio's failure to file a transcript or affidavit of the proceedings before the magistrate.
 {¶ 28} I agree with Mr. Dinunzio that the February 3, 2006, decision of the magistrate, requiring him to pay $ 483 per month, appears to be a simple mathematical miscalculation, the sort of error appearing on the face of the magistrate's decision, of which the trial court, and this court, can and should take notice, without requiring an objecting party to go to the expense of filing a transcript or affidavit. Cf.,Clowtis, at ¶ 13. Further, it is an error of which we should take judicial notice, since it is apparent from a study of the dockets in this matter, and the entries. See, e.g., Evid.R. 201(B); see, also,State ex rel. Church v. Court of Common Pleas (Feb. 12, 1997), 9th Dist. No. 96CA006398, 1997 Ohio App. LEXIS 1966, at 1-2. Finally, by a judgment entry filed by this court March 12, 2007, we ordered, sua sponte, that the record from the prior appeal be filed with this court in this appeal. Consequently the entire record is before us; the plain mathematical miscalculation appearing in the magistrate's decision of February 3, 2006, and adopted by the trial court, should be corrected; and, we should proceed to consider whether there is any support for the second assignment of error, rather than render it moot. *Page 1